UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAQUINDA COLEMAN,

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                         09-CV-157S

THE CITY OF NIAGARA FALLS and
KENNETH E. REDMOND,

                              Defendants.

# I. INTRODUCTION

        Trial in this civil rights action which is more than five years old,  will begin on August 18, 2015.   Presently before this Court is Defendants' motion in limine seeking various forms of relief.  (Docket No. 135.)  Also pending is Plaintiff's related motion to quash certain non-party subpoenas.  (Docket No. 155.)  For the reasons that follow, Defendants' motion is granted in part, denied in part, and deferred in part.  Plaintiff's motion is denied.

# II. DISCUSSION

        Familiarity with facts of the case and underlying arguments is presumed.[1]

        In their motion in limine, Defendants seek seven forms of relief as follows:  (1) to preclude Plaintiff's medical witnesses; (2) to preclude use of the November 20, 2010 Consent Order; (3) to preclude certain opinions of Plaintiff's use-of-force expert; (4) to admit Plaintiff's plea colloquy; (5) to require Plaintiff to itemize her damages; (6) to require Plaintiff to identify her exhibits with greater specificity; and (7) to preclude Plaintiff from

---

[1]For background, see Coleman v. City of Niagara Falls, 09-CV-157S, 2010 WL 2869529 (W.D.N.Y. July 20, 2010) (Scott, M.J.).

referencing or displaying sample flashlights not used by Defendant Redmond during the incident in question.

Plaintiff seeks to quash non-party subpoenas directed to her medical witnesses.

**A.    Plaintiff's Medical Witnesses and Plaintiff's Motion to Quash Non-Party Subpoenas**

Defendants seek to preclude Plaintiff from offering certain medical providers[2] as witnesses at trial because she failed to disclose them as fact witnesses under Rule 26(a)(1) or as expert witnesses under Rule 26(a)(2).  Plaintiff argues that she adequately disclosed her witnesses because their identities were readily obtainable through deposition testimony, responses to Defendants' interrogatories and requests for production and inspection of documents and things, and signed authorizations Plaintiff provided to Defendants.

Rule 26(a)(1) requires a party to disclose the name and contact information "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  This requirement is designed to alert an opposing party of the need to take discovery of the named individuals.  See Pal v. New York Univ., No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (citing Alfano v. Nat'l Geographic Channel, No. 06 Civ. 3511(NG)(JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007)).  For that reason, it is generally not enough for a party to rely on other avenues through which an opposing party

---

[2]The individuals Defendants seek to preclude are as follows: Lee Chalupka, M.D.; Leslie McKnight, P.T.; Gregory Bennett, M.D.; Michael Manka, M.D.; Gregory Castiglia, M.D.; Jennifer Adamson, M.D.; Melissa Fincher-Mergi, N.P.; John O'Malley; Lance Smeal; D. Turner; Daniel Cotter, M.D.; and Minsoo Kang, M.D.  See Declaration of Joseph S. Brown, Docket No. 135-2, ¶ 15.

may learn of the existence of a witness; the disclosing party's obligation is fulfilled only when it affirmatively identifies and discloses its potential witnesses.  See id.; see also U.S. Bank Nat. Ass'n v. PHL Variable Life Ins. Co., Nos. 12 Civ. 6811(CM), 13 Civ. 1580 (CM), 2015 WL 3932791, at *9 (S.D.N.Y. June 22, 2015) ("Fact witnesses must be disclosed by sending to the opposing party the name, address, and phone number (if known) of *each potential witness*.")(citations omitted)(emphasis added).  Supplementation of this disclosure is required by Rule 26(e)(1)(A).

The identity of any expert witness must be disclosed under Rule 26(a)(2)(A).  For expert witnesses who are not retained or specially employed to provide expert testimony, such as Plaintiff's medical witnesses here, Rule 26(a)(2)(C) requires only that the disclosing party state (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify."  See Ramsey v. Nat'l R.R. Passenger Corp., No. 12cv1999 (MHD), 2015 WL 2168062, at *9 (S.D.N.Y. May 7, 2015) (noting that treating physicians may testify as to opinions formed during their treatment, including causation, without submission of an expert report); see also Pokigo v. Target Corp., No. 13-CV-722A (Sr), 2014 WL 6885905, at *4 (W.D.N.Y. Dec. 8, 2014).

Finally, Rule 37(c)(1) provides that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  This is a discretionary remedy.  See Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006) (holding that preclusion is discretionary even if "the trial court finds that there is no substantial justification and the failure to

3

disclose is not harmless"). Factors to be considered in determining whether to impose sanctions under Rule 37 include "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of continuance." Pal, 2008 WL 2627614, at *3 (citing Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006))(alterations in original).

Upon consideration of the parties' arguments, this Court finds that Plaintiff has not complied with the disclosure requirements of Rule 26(a)(1) or Rule 26(a)(2). The rules obligate Plaintiff to disclose her witnesses to Defendants. The fact that Defendants may have had notice of Plaintiff's witnesses through other avenues does not relieve Plaintiff of her disclosure obligations. Defendants' knowledge of Plaintiff's witnesses, however, weighs against preclusion. Defendants generally do not disagree that they knew of Plaintiff's medical providers through document discovery, interrogatory responses, deposition testimony, and signed authorizations. They have also definitively known that Plaintiff intends to call these witnesses since December 16, 2014, when Plaintiff filed her witness list.

Given the importance of medical testimony in this case and the fact that Defendants had some knowledge of Plaintiff's witnesses, albeit not the disclosure required by Rule 26, Defendants' request to preclude is denied. This Court will, however, permit Defendants to conduct the depositions they have noticed. Plaintiff's motion to quash is therefore denied. This Court will further grant Defendants' request to permit their retained

experts—Dr. Kenneth Condrell and Dr. Margaret Paroski—to testify at trial.[3]   (See Supplemental Declaration of Joseph S. Brown, Docket No. 160, ¶ 11.)  This is only fair given that Plaintiff's lack of disclosure prevented Defendants from knowing whether Plaintiff would offer expert medical testimony.

Under the circumstances, this Court further finds good cause to grant Defendants' request that Plaintiff submit to a Rule 35 examination by Dr. Paroski.  (See id. at ¶¶ 13, 14.)  Plaintiff shall submit to a physical exam not to exceed four hours at Dr. Paroski's office at a mutually convenient date and time before July 27, 2015.[4]  See Fed. R. Civ. P. 35(a).  Again, fairness dictates that Defendant be permitted this access to Plaintiff given her lack of proper disclosures.

Finally, this Court finds that Plaintiff's disclosure of her medical witnesses' expected testimony (see Docket No. 132) is insufficient under Rule 26(a)(2)(C) because it contains an inadequate "summary of the facts and opinions to which the witness is expected to testify."  In fact, it contains no such summary at all, but rather, states generally that the witnesses will "testify regarding [his or her] diagnosis and treatment of Plaintiff as a result of the incident involving Defendant."  See Docket No. 132.  Plaintiff must provide Defendants with specific Rule 26(a)(2)(C) disclosure by the deadline set herein.

**B.    The November 20, 2010 Consent Order**

Defendant seeks to preclude the November 20, 2010 Consent Order (Docket No.

---

[3]Plaintiff does not challenge the qualifications of either of Defendants' experts.  See Declaration of Randy C. Mallaber, Docket No. 164.

[4]In light of the uncertainty concerning the availability of the results of Plaintiff's previous neuropsychometric testing, counsel shall meet and confer regarding whether those results are available or whether further testing by a neuropsychologist is necessary.  See Supplemental Declaration of Joseph S. Brown, Docket No. 160, ¶¶ 17-19.

142-10).  The admissibility of the Consent Order is not a new issue.  This Court previously accepted the Magistrate Judge's determination that the Consent Order is admissible under Rules 408, 803(8)(A)(iii), and 403.  (See Docket Nos. 107, 117.)  Consistent with that ruling, this Court finds that the Consent Order is admissible, if offered for a purpose other than proving negligence, culpable conduct, or liability.  See Fed. R. Evid. 407, 408 (b).  For example, as previously found, it is admissible "to rebut the [Defendants'] evidence that the accreditations of the DCJS and the Council demonstrate that the policies and training programs used by the Niagara Falls Police Department are adequate."  (Report and Recommendation, Docket No. 107, p. 23.)

It is not entirely known how Plaintiff intends to use the Consent Order at trial.  She does, however, state that she may offer the Consent Order "to establish the knowledge and awareness of the Defendants in regards to the policies of the NFPD and non-compliance thereto."  (Plaintiff's Memorandum, Docket No. 142, p. 14.)  This use will not be permitted.  The events at issue occurred in 2008; the Consent Decree is from 2010.  The Consent Decree is therefore not relevant or probative of Defendants' knowledge in 2008.  Plaintiff also states that she intends to offer the Consent Decree "to rebut Defendants' assertion and its purported evidence that policies were free from defect and that its police officers were properly trained."  (Plaintiff's Memorandum, Docket No. 142, p. 15.)  This use will also not be permitted.  Rebutting Defendants' assertion that its policies were free from defect and its police officers properly trained is a form of establishing liability, which Rule 408 prohibits.

Defendants' request to preclude any use of the November 10, 2010 is denied.  If offered for a proper purpose, the Consent Order is admissible under Rules 407, 408,

803(8)(A)(iii), and 403, for the reasons stated herein and in the Magistrate Judge's Report and Recommendation.

## C.      Plaintiff's Use-of-Force Expert

Defendants seek to preclude Plaintiff's use-of-force expert, Michael Levine, from offering his expert opinion because Levine fails to identify the "professional standards" and "national standards" that he references in his report (Docket No. 90-25).  In the alternative, Defendants seek to preclude Levine from offering testimony concerning (1) witness credibility, (2) Plaintiff's medical records, and (3) legal conclusions.

Defendants' request to preclude Levine for failure to identify the standards referenced in his expert report is denied.  But Defendants are entitled to know the basis for Levine's opinions, including knowing the particular standards that he references in his expert report.  Plaintiff's response that Levine's determinations "are made based on his review and analysis of NFPD policies and procedures and/or his training and experience" is insufficient.  See Plaintiff's Memorandum of Law, Docket No. 142, p. 10.  Levine references national and professional standards.  Plaintiff shall therefore identify and disclose the specific "national standards" and "professional standards" referenced in Levine's report.  Should Plaintiff fail to make such disclosure by the deadline set herein, Levine will be precluded from testifying about unidentified national and professional standards.

Defendants' request to preclude Levine from testifying about witness credibility, medical records, or legal conclusions is granted as a general matter.  Plaintiff does not contest that it is improper for a use-of-force expert to opine about witness credibility, interpret medical evidence, or offer legal conclusions.  Rather, Plaintiff maintains that

Levine has not and will not offer such opinions or testimony.  This Court cannot make specific rulings at this stage without hearing the testimony as it comes in.  Plaintiff is on notice, however, that this Court will not permit Levine to testify about witness credibility, interpretation of medical records, or legal conclusions.

### D.    Plaintiff's Plea Admissions

Defendants seek an Order determining that certain admissions Plaintiff made during her criminal plea colloquy (Docket No. 135-3, Exhibit F) are admissible.  Those admissions include that Plaintiff (1) "refused to comply with a lawful order of the police to disperse;" (2) "[was] given numerous orders to disburse [sic] but refused to comply thus impeding the officer's investigation;" and (3) Plaintiff "used abusive language."  <u>See</u> Docket No. 135-3, Exhibit F, at pp. 49, 50.

Plaintiff challenges the admissibility of these admissions on Rule 403 grounds, arguing that she will be unfairly prejudiced because the jury will be misled into believing that because she made these admissions, she must also have engaged in other offensive or aggressive behavior.  This Court detects no unfair prejudice.  The admissions are limited to the specific questions posed to Plaintiff during her plea colloquy and do not address all aspects of her encounter with Defendant Redmond.  In this Court's view, the probative value of this admissible evidence is not substantially outweighed by a danger of unfair prejudice or misleading the jury.  Defendants' request to admit these admissions, if offered, is therefore granted.[5]

---

[5]Defendants maintain that Plaintiff's admissions have a preclusive effect in this action and therefore Plaintiff should be precluded from "offering evidence that she did none of those things during her encounter with Officer Redmond on February 24, 2008."  Without knowing the nature of the evidence, if any, that Plaintiff may offer, this Court is not in a position to rule on what, if any, preclusive effect applies.

### E.     Damages Disclosure

Defendants seek to preclude Plaintiff from introducing evidence of compensatory damages on the basis that Plaintiff has not produced an itemized statement of such damages, as required by this Court's pretrial order.  Defendants are correct.  Plaintiff's general claim for $1,000,000 in actual damages and $3,000,000 in punitive damage is not a sufficiently itemized statement of damages.  Plaintiff must produce an itemized statement of damages by the deadline set herein, which shall include sufficient identification and particularization of compensatory damages, or risk the preclusion of such evidence at trial. Defendants' request for preclusion of damages evidence is denied at this time.

### F.     Plaintiff's Medical Records

Defendants seek an order requiring Plaintiff to identify her exhibits with greater specificity.   Plaintiff's exhibit list (Docket No. 132, pp. 17-18), however, identifies the specific categories of exhibits separated by topic.   Moreover, Plaintiff has provided Defendants hard copies of all exhibits.  This Court finds Plaintiff's disclosure to be sufficient at this stage.  Defendants' request is therefore denied.

### G.     Flashlight Evidence

Defendants seek to preclude Plaintiff from offering evidence concerning sample flashlights not of the type used by Defendant Redmond during the incident in question. During his deposition, Defendant Redmond testified that he used a "Streamlight" flashlight and it is apparent from the deposition transcript that counsel possesses a photograph that Defendant Redmond testified "was the exact flashlight I was carrying on that day." (Declaration of Joseph S. Brown, Docket No. 135-2, Exhibit G, p. 161.)   Defendants

indicate that the exact model is SL-20-X.  (Defendants' Memorandum of Law, Docket No. 135-1, p. 27.)  Because the exact model of the flashlight at issue is known, photographs and descriptions of other "sample flashlights" are not relevant.  Defendants' request to preclude evidence of other "sample flashlights" is therefore granted.  Plaintiff must amend her exhibit list by the deadline herein to include only photographs and descriptions of the Streamlight flashlight.

## III.  CONCLUSION

For the reasons stated above, Defendants' motion in limine is granted in part, denied in part, and deferred in part.  Plaintiff's motion to quash non-party subpoenas is denied.  Plaintiff shall make the disclosures required herein within seven days of the entry date of this Decision and Order.

This matter is more than five years old.  The parties are reminded that August 18, 2015 is a firm trial date that will not be adjourned.  With the resolve of Defendants' motion in limine, the parties are strongly encouraged to re-contact their mediator to schedule another session.  See Mediation Certification, Docket No. 163 (suggesting that the parties will schedule another mediation session upon the resolution of the pending motion in limine).

## IV.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion in Limine (Docket No. 135) is GRANTED in part, DENIED in part, and DEFERRED in part.

FURTHER, that Plaintiff's Motion to Quash Non-Party Subpoenas (Docket No. 155) is DENIED.

FURTHER, that Plaintiff shall make the disclosures required herein within seven days of the entry date of this Decision and Order.

SO ORDERED.

Dated:       July 10, 2015
             Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge